## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PAUL J. NEIMAN, derivatively and on behalf of Nominal Defendant Concord Camera Corp., a New Jersey Corporation, | : **Case No. : 05-60574-CIV-** <br> : **LENARD/TORRES** |
|         Plaintiff, | : |
| vs. | : |
| IRA B. LAMPERT, RONALD S. COOPER, MORRIS H. GINDI, J. DAVID HAKMAN, WILLIAM J.O'NEILL, JR., HARLAN PRESS, AND RICHARD M. FINKBINDER, | : |
|         Defendants | : |
| And | : |
| CONCORD CAMERA CORP., a New Jersey Corporation, | : |
|         Nominal Defendant. | : |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of March 6, 2008, is made and entered into by and among (i) Plaintiff Paul J. Neiman ("Plaintiff") on behalf of himself as well as derivatively and on behalf of Nominal Defendant Concord Camera Corp. ("Concord Camera" or the "Company"), and (ii) Defendants Ira B. Lampert, Ronald S. Cooper, Morris H. Gindi, J. Harlan Press, and Richard Finkbeiner (collectively, the "Defendants"), by and through their attorneys in this shareholder derivative action (the "Action" or the "Derivative Action"). Plaintiff and Defendants shall each be referred to individually herein as a "Party" and collectively herein as the "Parties." The settlement and compromise of the Derivative Action as provided for herein (the "Settlement") is contingent upon approval of this Stipulation by the

United States District Court for the Southern District of Florida, and the occurrence of the Effective Date (as defined below).

## BACKGROUND

1.      The Derivative Action was commenced on November 16, 2004 in the United States District Court for the District of New Jersey and was transferred on April 14, 2005 to the United States District Court for the Southern District of Florida.

2.      At that time, at least six related securities class actions were pending against Concord Camera in the United States District Court for the Southern District of Florida, including: *Martin Brustein v. Ira B. Lampert, et al.,* C.A. No. 04-61159-CIV-JAL; *Chalermchai Punya, et al. v. Ira B. Lampert, et al.,* C.A. No. 04-61225-CIV-JAL; *Morris Ackerman, et al. v. Ira B. Lampert, et al.,* C.A. No. 04-61265-C1V-JAL; *Ricardo Bettencourt da Camera Teixera, et al.,* C.A. No. 04-61307-CIV-JAL; *John H. Abbott v. Ira B. Lampert, et al.,* C.A. No. 04-61351-CIV-JAL; and *Stephen J. Mazur v. Ira B. Lampert, et al., C.A. No. 04*-22892-CIV (collectively, the "Securities Action").

3.      By Orders of the Honorable Joan A. Lenard dated October 13, 2004, October 27, 2004, November 24, 2004 and December 14, 2004, each of the cases in the Securities Action was consolidated and on May 10, 2005 the Derivative Action and the Securities Action were consolidated for discovery purposes.

4.      On May 18, 2005, Defendants filed an answer to the Derivative Complaint, denying all allegations of liability, asserting affirmative defenses, and demanding judgment on the merits dismissing the Derivative Complaint.

5.      Plaintiff conducted pre- and post-filing investigations as well as discovery relating to the derivative claims and the underlying events and transactions alleged in the Derivative

Action, including, inspection, review and analysis of documents produced by Defendants as well as depositions of current and former Concord Camera employees and executives and of non-parties, including Concord Camera's auditors.

6. Before entering this Stipulation and Agreement, the Parties had fully briefed Defendants' summary judgment motion. Counsel for the Parties had also discussed the merits of each Party's contentions and defenses and engaged in extensive arm's-length negotiations in an effort to resolve the Derivative Action before the trial for which the Parties were preparing.

7. All of the foregoing, in Plaintiff's judgment, has provided an adequate and satisfactory basis for evaluating and agreeing to the Settlement described herein.

8. While continuing to believe that the claims alleged in the Derivative Action are meritorious, Plaintiff recognizes the expense, risks and uncertain outcome of any litigation and trial, and subsequent appeals. This is especially true in a complex action such as this one with its inherent difficulties and delays which would inevitably result from trial and appeal(s). Plaintiff's counsel has engaged in intensive arm's-length negotiations with Defendants' counsel concerning the settlement of the claims in the Derivative Action against Defendants and Plaintiff now desires to settle the claims against Defendants in this Action on the terms and conditions hereafter set forth and deems said Settlement to be fair, reasonable, adequate in accordance with Rule 23.1 of the Federal Rules of Civil Procedure.

9. Defendants in this Derivative Action have denied, and continue to deny, all allegations of wrongdoing, fault, liability or damage to Plaintiff and Concord Camera; deny that they engaged in any wrongdoing; deny that they committed any violation of law; deny that they have committed any act or omission giving rise to any liability and/or violation of law; and deny that they have acted improperly in any way. Had this Stipulation not been reached, Defendants

would have continued to resist vigorously Plaintiff's claims and contentions and would have continued to assert their defenses thereto. Defendants have entered into this Stipulation to put the Settled Claims (as defined below) to rest finally and forever solely for the purpose of avoiding prolonged and expensive litigation, without acknowledging in any way that they caused any damage to Plaintiff or Concord Camera or any fault, wrongdoing or liability whatsoever. It is understood and agreed that nothing contained herein shall be interpreted as an admission of any wrongdoing by Defendants. Neither the settlement nor any of its terms, nor any of the settlement negotiations, disclosures, or proceedings relating thereto, shall constitute an admission or finding of wrongful conduct, acts or omissions, or shall be used for any purpose in any proceedings in any forum provided, however, that nothing in this Stipulation shall bar any action or claim by Plaintiff to enforce the terms of this Stipulation.

NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, between Plaintiff and Defendants, by and through their respective attorneys, that this Derivative Action shall be settled, compromised, and dismissed with prejudice, subject to the approval of the Court, in the manner and upon the terms and conditions set forth herein.

## A.    DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below; other terms are defined elsewhere in this Stipulation.

1.    "Concord" or the "Company" means Concord Camera Corp. and each of its current, former or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, attorneys, insurers and associates, and all of their respective predecessors, successors, assigns, agents, representatives, heirs, executors and administrators.

4

2.      "Court" means the United States District Court for the Southern District of Florida.

3.      "Current Concord Camera Shareholders" means persons who owned Concord Camera common stock as of November 16, 2004 and who continue to hold their Concord Camera common stock as of the date of the Settlement Hearing (defined below).

4.      "Defendants" means the Individual Defendants (as defined below).

5.      "Defendants' Counsel" means the law firm of Greenberg Traurig, P.A.

6.      "Effective Date" means the date on which the Court's final approval order and judgment (the "Judgment"), substantially in the form of Exhibit 2 hereto, becomes final, which shall be deemed to occur when either of the following has occurred: (a) if an appeal or review is not sought by any person from the Judgment, the thirty-first (31st) day after entry of the Judgment (or, if the date for taking an appeal is extended, the day after the date of expiration of the extension); or (b) if an appeal or review is sought from the Judgment and the Judgment is affirmed or the appeal or review is dismissed or denied, the day after such Judgment is no longer subject to further judicial review.  For purposes of this definition, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of expenses.

7.      "Individual Defendants" means Ira B. Lampert, Ronald S. Cooper, Morris H. Gindi, , Harlan Press, and Richard Finkbeiner.

8.      "Nominal Defendant" means Concord Camera Corp.

9.      "Plaintiff's Counsel" means the law firm of Gainey & McKenna and the law firm of Squitieri & Fearon, LLP as well as Plaintiff's liaison counsel, the Law Office of Abraham Rappaport, P.A.

10.     "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint venture, joint stock company, estate, custodian, legal representative, trust, joint venture, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their/its heirs, executors, administrators, predecessors, successors, representatives, or assignees.

11.     "Plaintiff" or "Neiman" means plaintiff Paul Neiman.

12.     "Released Parties" means Defendants named in the Derivative Action, including their predecessors, successors, subsidiaries, affiliates, and any past, present or future officers, directors, employees, agents, insurers, attorneys, partners, accountants, consultants, advisors and the heirs, executors, administrators, predecessors, successors, representatives or assigns of the foregoing.

13.     "Settled Claims" shall mean all claims, debts, demands, rights or causes of action or liabilities whatsoever by Plaintiff, on his own behalf and on behalf of Concord Camera, against the Released Parties (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever, or injunctive, equitable or other relief), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined in paragraph 15 below), (i) that have been asserted in this Derivative Action by Plaintiff or Concord Camera against any of the Released Parties, or (ii) that have been or could have been asserted in any forum by Plaintiff or Concord Camera against any of the Released Parties which arise out of, relate in any way to or are based upon the allegations, transactions, facts, matters or occurrences,

6

representations or omissions involved, set forth, or referred to in the Derivative Action. "Settled Claims" do not include claims that were or could have been asserted in the Securities Action.

14.     "Settlement Hearing" means the final hearing to be held by the Court to determine whether the proposed Settlement should be approved and whether an order approving the Settlement should be entered thereon, to consider an award of counsel fees and reimbursement of expenses to Plaintiff's Counsel, and to consider reimbursement of costs and expenses for Plaintiff's representation in the Derivative Action.

15.     "Unknown Claims" means any and all Settled Claims which Plaintiff does not know or suspect to exist in his or its favor at the time of the release of the Released Parties, which if known by him or it might have affected his or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims, the parties stipulate and agree that upon the Effective Date, Plaintiff and the Defendants shall expressly waive, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff and Defendants acknowledge that the inclusion of "Unknown Claims" in the definition of Settled Claims was separately bargained for and was a key element of the Settlement.

**B.     SCOPE AND EFFECT OF SETTLEMENT**

1.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Derivative Action and any and all Settled Claims as against all Released Parties. The Parties agree that the consideration, the amount paid and the other terms of the

Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

2.      Defendants deny the allegations in the Derivative Complaint and deny any wrongdoing on their part. The Complaint was filed on November 12, 2004. In connection with an audit of the Company's Consolidated Financial Statement for the fiscal year ending July 3, 2004 and the review of the Company's results for the first, second, and third quarters of fiscal 2005, the Company's management and its auditors identified several deficiencies, including deficiencies that rose to the level of material weaknesses, in its internal control over financial reporting. Since the date of the Complaint and prior to the date of this settlement agreement, the Company, in response to the deficiencies identified by management and the auditors, has implemented corrective actions to address and remediate the material weaknesses, as reported in the Company's public filings.

3.      In consideration for the significant changes made by Concord Camera to improve its financial controls upon the Effective Date, Plaintiff, on behalf of himself and Concord Camera, and each of his or its heirs, executors, administrators, predecessors, successors, representatives or assignees, and any persons they represent, shall release and forever discharge each and every Settled Claim against each of the Released Parties, provided, however, that nothing in this Stipulation shall bar any action or claims by Plaintiff to enforce the terms of this Stipulation.

4.      Upon the Effective Date, any and all claims for contribution and/or indemnity (whether direct, implied, or equitable) by any person against any Defendant relating to any claim by Plaintiff or Concord Camera under federal or state law that have been or could have been asserted in the Derivative Action shall be barred.

5.      Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished all claims that have been or could have been asserted against Plaintiff and/or Plaintiff's Counsel relating to the institution, prosecution or settlement of the Derivative Action or the Settled Claims.

6.      Upon the Effective Date, Plaintiff, Defendants, Plaintiff's Counsel and Defendants' Counsel shall expressly waive, and by operation of the Judgment shall have expressly waived, any claims arising out of the Derivative Action for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure or otherwise.

## C.      PLAINTIFF'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

1.      Plaintiff's Counsel will apply to the Court for an award of reasonable attorneys' fees and expenses not to exceed in the aggregate $100,000.00 (the "Fees and Expenses"). Defendants will not oppose such application for Fees and Expenses filed in accordance with this paragraph. Payment shall be made within thirty (30) business days of the entry of a Final Judgment or Order approving the award of Fees and Expenses although the parties anticipate that any such payment will be made before the expiration of the thirty (30) business days. The Fees and Expenses include expenses incurred by Plaintiff's Counsel in connection with the prosecution and settlement of the Derivative Action.

2.      The procedure for and the allowance or disallowance by the Court of any applications by any of Plaintiff's counsel for the Fees and Expenses are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fees and Expenses, or any appeal from

any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Derivative Action set forth herein.

3.      Defendants and the Released Parties shall have no responsibility for and no liability whatsoever with respect to the allocation among Plaintiff's Counsel, and/or any other Person who may assert some claim thereto, of any of the Fees and Expenses that the Court may award in the Derivative Action.

**D.      NOTICE AND ADMINISTRATION**

1.      Subject to approval from the Court, the Parties and their counsel will cooperate to coordinate the notice of settlement of the Derivative Action with the notice(s) of the proposed settlement of the Securities Action in an effort to reduce the costs of notice and administration of the Settlement of the Derivative Action.

2.      Concord Camera shall be responsible for the mailing of the notice of the settlement of the Derivative Action to all registered shareholders of Concord as of March 10, 2008. In addition, Concord shall issue a press release describing the settlement and shall publish a copy of the notice of the settlement of the Derivative Action and the press release on its website (www.concord-camera.com).

**E.      THE PRELIMINARY APPROVAL ORDER**

Promptly after execution of this Stipulation, Plaintiff and Defendants shall jointly move the Court for the Preliminary Approval Order, substantially in the form of Exhibit 1 hereto, providing for, among other things, preliminary approval of the Settlement and notice to the Class of the Settlement Hearing. The Preliminary Approval Order to be presented to the Court shall specifically include provisions which, among other things:

1.     Preliminarily approve the Settlement;

2.     Approve the form of notice for mailing (substantially in the form attached as Exhibit A to Exhibit 1) to this Stipulation" (the "Notice") pertaining to (i) final approval of the Settlement; and (ii) Plaintiff's Counsel's application for attorneys' fees and reimbursement of expenses and an award to Plaintiff.

3.     Approve the press release substantially in the form attached as Exhibit B to Exhibit 1 to this Stipulation (the "Press Release").

4.     Direct the mailing of the Notice to those Current Concord Camera Shareholders who or which can be identified through reasonable effort from the Company's shareholder records.  Nominees who purchased Concord common stock will be requested to send the Notice to all beneficial owners within ten (10) days after receipt of the Notice or, if they have not already done so, to send a list of the names and addresses of the beneficial owners to Concord Camera within ten (10) days of receipt of the Notice;

5.     Direct that a copy of the Notice and the Press Release be published electronically on Concord Camera's website or another appropriate website;

6.     Direct the filing with the Court of proof, by affidavit, of the mailing and the electronic publication of the Notice and Press Release on Concord's website within three (3) days before the Settlement Hearing;

7.     Find that the mailing and publication pursuant to paragraphs 4 and 5 hereof constitute the best notice to Current Concord Camera Shareholders practicable under the circumstances, including individual notice to all such shareholders who or which can be identified through reasonable effort, and the electronic publication of the Press Release and the Notice, and is due and sufficient notice of the Settlement Hearing, proposed Settlement,

application for attorneys' fees and expenses, and other matters set forth in the Notice, and that the mailing of the Notice and the electronic publication of the Press Release and the Notice fully satisfy the requirements of due process and the Federal Rules of Civil Procedure;

8.    Provide that, pending final determination of whether the Settlement should be approved, Plaintiff, either directly, representatively, or in any other capacity, shall not commence against any Defendant or Released Party any action or proceeding in any court or tribunal asserting any of the Settled Claims;

9.    Schedule the Settlement Hearing to be held by the Court to determine whether the proposed Settlement should be approved and whether an order approving the Settlement should be entered, and whether to award attorneys' fees and reimbursement of expenses to Plaintiff's Counsel, and to consider an award to Plaintiff for pursuing the Derivative Action;

10.    Provide that any Current Concord Camera Shareholder of record may object to the Settlement, any part of the Settlement, or the request for attorneys' fees and reimbursement of expenses and an award to Plaintiff;

11.    Provide that any objections to the Settlement shall be heard and any papers submitted in support of said objections shall be received and considered by the Court at the Settlement Hearing (unless, in its discretion, the Court shall direct otherwise) only if, on or before a date to be specified in the Preliminary Approval Order, persons making objections shall file notice of their intention to appear and copies of any papers in support of their position, along with proof that the person making the objection is a Current Concord Camera Shareholder of record, with the Clerk of the Court and serve such notice and papers on counsel to all of the Parties;

12.      Provide that no person other than Plaintiff, Plaintiff's Counsel, and Plaintiff's

expert(s) shall have any right to any portion of, or to participate in the distribution of, the award

of Fees and Expenses unless otherwise ordered by the Court or otherwise provided in the

Stipulation; and

13.      Provide that the Settlement Hearing may, from time to time and without further

notice to the Class, be continued by Order of the Court.

**F.     FINAL APPROVAL ORDER AND JUDGMENT TO BE ENTERED BY THE
COURT APPROVING THE SETTLEMENT**

Upon approval by the Court of the Settlement contemplated by this Stipulation, a

Judgment, substantially in the form of Exhibit 2 attached hereto, shall be entered by the Court

that shall:

1.      Approve the Settlement embodied in this Stipulation as fair, reasonable and

adequate to the Class;

2.      Dismiss the Action in its entirety as against Defendants with prejudice and

without costs to any Party as against any other Party except as provided herein;

3.      Adjudge, subject to sections G and H below, that:

(a)      Plaintiff and Concord Camera on behalf of himself/itself and each of his or

its heirs, executors, administrators, predecessors, successors, representatives or assignees, and

any persons he or it represents, shall be deemed conclusively to have released and settled each

and every Settled Claim against each of the Released Parties, except that nothing in this

Stipulation shall bar any action or claims by Plaintiff to enforce the terms of this Stipulation;

(b)      Any and all claims for contribution and/or indemnity (whether direct,

implied, or equitable) shall be barred by any person against any Defendant relating to any claim

by Plaintiff under federal or state law that have been or could have been asserted relating to allegations in the Derivative Action;

(c)     Each of the Defendants shall be deemed conclusively to have released and settled any and all claims that have been or could have been asserted against Plaintiff and/or Plaintiff's Counsel relating to the institution, prosecution or settlement of the Derivative Action or the Settled Claims;

(d)     Plaintiff, Defendants, Plaintiff's Counsel, and Defendants' Counsel shall be deemed conclusively to have, and by operation of the Judgment shall have, expressly waived any claims arising out of the Derivative Action for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure or otherwise;

4.     Bar and permanently enjoin Plaintiff and Concord Camera from prosecuting the Settled Claims against the Released Parties; and

5.     Reserve jurisdiction, without affecting the finality of the Judgment entered, over:

(a)     Implementation of this Settlement;

(b)     Hearing and determining Plaintiff's Counsel's applications for attorneys' fees, costs, and expenses and for any award to Plaintiff for asserting the claims in the Derivative Action;

(d)     Enforcing and administering this Stipulation, including any releases in connection therewith; and

(e)     Other matters related or ancillary to the foregoing.

## G.     CONDITIONS OF SETTLEMENT

1.     This Stipulation shall be subject to the following conditions, in addition to those provided in Section 4 hereof:

(a)     The Court shall have entered the Preliminary Approval Order, as required by Section E above;

(b)     The Court shall have entered the Judgment, as required by Section F above;

(c)     An Effective Date as defined in paragraph A.6 hereof shall have occurred; and

(d)     Concord Camera shall have paid or caused to be paid any amounts awarded by the Court for attorneys' fees and expenses.

2.     Upon the satisfaction of all of the conditions referenced in Section G hereof, Plaintiff and Concord Camera shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims against the Released Parties.  Each of the Defendants shall be deemed conclusively to have released any and all claims against Plaintiff and Plaintiff's Counsel relating to and including the Settled Claims.

**H.     EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

1.     Without limiting the provisions of Section G_ above, a condition of this Stipulation is that it shall be approved by the Court under applicable provisions of Federal law. However, if: (i) the Court does not enter the Judgment provided for in Section F, or (ii) the Court enters the Judgment and appellate review is sought and on such review the Judgment is materially modified or reversed, or (iii) any of the conditions of paragraph G are not satisfied, then this Stipulation shall be cancelled and terminated unless counsel for each of the Parties to this Stipulation, within ten (10) business days from the receipt of such ruling or written notice of such circumstances, agrees in writing to proceed with this Stipulation and Settlement.  For

purposes of this paragraph, an intent to proceed shall not be valid unless it is expressed in writing by: (a) Plaintiff's Counsel; and (b) Defendants' Counsel. Such notice shall be provided on behalf of the Parties to this Stipulation only by their counsel. Neither a modification nor reversal on appeal of any amount of fees, costs and expenses awarded by the Court to Plaintiff's Counsel shall be deemed a material modification of the Judgment or of this Stipulation.

2.      If the Effective Date does not occur, or if this Stipulation is terminated or canceled pursuant to its terms, all of the Parties to this Stipulation shall be deemed to have reverted to their litigation positions immediately prior to the execution of this Stipulation and they shall proceed in all respects as if this Stipulation had not been executed and the related Orders had not been entered, preserving in that event all of their respective claims and defenses in the Action.

## I.      NO ADMISSIONS

1.      This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be:

(a)      offered or received against Defendants or against Plaintiff as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of Defendants or by Plaintiff with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that had been or could have been asserted in the Derivative Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Derivative Action or any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)      offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any

16

statement or written document approved or made by any Defendant, or against Plaintiff as evidence of any infirmity in the claims of Plaintiff or Concord Camera;

(c)     offered or received against Defendants or against Plaintiff as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed as or received in evidence as an admission, concession or presumption against Plaintiff or Concord Camera that any of their claims are without merit or that damages recoverable in the Derivative Action would have been limited; and

(e)     construed or received as an admission or finding of wrongful conduct, wrongful acts or wrongful omissions on the part of Defendants or Plaintiff or be admissible in any proceeding for any purpose whatsoever except to show that this Stipulation was entered into, and except that this Stipulation shall be admissible for all purposes solely in proceedings brought by Defendants or Plaintiff to enforce the terms of this Stipulation.

## J.     MISCELLANEOUS PROVISIONS

1.     The Parties hereto: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

3.      This Stipulation may be amended or modified only by a written instrument signed by Plaintiff's Counsel and Defendants' Counsel.

4.      This Stipulation and the exhibits attached here constitute the entire agreement among the Parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

5.      Except as otherwise provided herein, each party shall bear its own costs. Plaintiff's Counsel's attorneys' fees and expenses, subject to Court approval, shall be paid by Defendants to Plaintiff's Counsel.

6.      Nothing in this Stipulation shall be construed to provide Defendants with standing to challenge or question any fee and expense application by Plaintiff's Counsel or fee and expense award to them or any award to Plaintiff for prosecuting the Derivative Action.

7.      Plaintiff's Counsel is expressly authorized to take all appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

8.      Defendants' Counsel is authorized to sign this Stipulation on behalf of all Defendants.

9.      This Stipulation may be executed in one or more original, photocopied or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

18

10.     This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties hereto, provided, however, that no assignment by any party hereto shall operate to relieve such party of its obligations hereunder.

11.     Each Defendant warrants as to himself or itself that, at the time any of the payments provided for herein are made on behalf of himself or itself, he or it is not insolvent and the payment will not render him or it insolvent.  This representation is made by each Defendant and Nominal Defendant as to himself or itself and is not made by counsel for Defendants.

12.     All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Florida without regard to its rules of conflicts of law and in accordance with the laws of the United States.

9.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations which preceded the execution of this Stipulation, all Parties hereto have contributed substantially and materially to the preparation of this Stipulation.

10.     The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

11.     The waiver of one party of any breach of this Stipulation by any other party shall not he deemed a waiver of any other breach of this Stipulation.  The provisions of this Stipulation may not be waived except by a writing signed by the affected Party, or counsel for that Party.

12.     Without further order of the Court, counsel for the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

**LAW OFFICE OF ABRAHAM RAPPAPORT, P.A.**

_____
Abraham Rappaport
Fla. Bar. No. 0163211
3774 N.W. 3rd Avenue
Boca Raton, Florida 33431
Tel: (561) 368-9252

**GAINEY & MCKENNA**

_____
Thomas J. McKenna
295 Madison Avenue, 4th Floor
New York, New York 10017
Tel: (212) 983-1300

**SQUITIERI & FEARON, LLP**

_____ 3/6/08
Stephen J. Fearon, Jr.
32 East 57th Street, 12th Floor
New York, New York 10022
Tel: (212) 421-6492

***Attorneys for Plaintiff***

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have

caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year

first above written.

**LAW OFFICE OF ABRAHAM RAPPAPORT, P.A.**

Abraham Rappaport
Fla. Bar. No. 0163211
3774 N.W. 3rd Avenue
Boca Raton, Florida 33431
Tel: (561) 368-9252

**GAINEY & MCKENNA**

Thomas J. McKenna
295 Madison Avenue, 4th Floor
New York, New York 10017
Tel: (212) 983-1300

**SQUITIERI & FEARON, LLP**

Stephen J. Fearon, Jr.
32 East 57th Street, 12th Floor
New York, New York 10022
Tel: (212) 421-6492

*Attorneys for Plaintiff*

**GREENBERG TRAURIG, P.A.**

Holly R. Skolnick
1221 Brickell Avenue
Miami, Florida 33131
(305) 579-0500

*Attorneys for Defendants*

STRYKER TAMS & DILL

By: /s/ John J. Rizzo
John J. Rizzo
2 Penn Plaza East
Newark, New Jersey 07105
*Attorneys for Defendants*

22